UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LYLE ZEIGLER,

           Plaintiff,

v

CIGNA, d/b/a CIGNA LIFE INSURANCE
COMPANY OF NORTH AMERICA,

           Defendant.

File No: 2:11-cv

## Complaint And Jury Demand

Comes now the plaintiff, Lyle Zeigler, by and through his attorneys, Petrucelli & Waara, P.C., and for his complaint, states:

## Parties, Jurisdiction, And Venue

1.    Plaintiff Lyle Zeigler is now and at all times mentioned was a resident of Pembine, Marinette County, Wisconsin.

2.      Defendant CIGNA, d/b/a Cigna Life Insurance Company of North America (hereinafter referred to as "CIGNA") is now and at all times mentioned was a corporation organized and existing under the laws of the State of Delaware.    The defendant is authorized by the State of Michigan to transact business in Michigan as a disability insurer, and its registered agent is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025

3.      This action arises out of the issuance and breach of a disability insurance policy by CIGNA.

4.      Venue is proper in this Court because the defendant conducts business in the Upper Peninsula of Michigan and issued a disability policy through Mr. Zeigler's employer which is located in Quinnesec, Michigan.

5.      This court has subject matter jurisdiction because the claim involves a request for monetary damages pursuant to section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA).

## Count I
## (Breach Of Disability Policy)

6.      The plaintiff repeats and realleges paragraphs 1 through 5 as if fully set forth herein.

7.   Lyle Zeigler, by virtue of his employment with Champion Paper/Verso Paper, was covered by a disability insurance policy issued by CIGNA.

8.   The CIGNA disability policy called for Lyle Zeigler to be paid monthly long-term disability benefits because of a Sickness or an Injury that prevented him from doing his job.   Specifically, the policy states as follows:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:   1. Unable to perform the material duties of his or her Regular Occupation; and; 2.   Unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: 1.   Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2. Unable to earn 60% or more of his or her Indexed Earnings.

9.   At the time the policy was issued, up to and including the time the plaintiff suffered the physical limitations and restrictions described below, the plaintiff was employed as an electrician/instrument technician with Champion Paper/Verso Paper in Quinnesec, Michigan.

10.     Since 25 July, 2007, Mr. Zeigler has been unable to work due to due to meralgia paresthetica, a condition which causes significant balance problems and numbness in his legs and hips, as well as severe degenerative disk disease in his lower and upper back and neck.

11.     At all relevant times, Mr. Zeigler submitted medical documentation to Cigna which substantiated his ongoing medical care, physical limitations and restrictions, as well as his inability to work which satisfied the definition of Disability within his long-term disability policy, entitling him to continuing benefits.

12.     On 23 September, 2009, Cigna notified Mr. Zeigler that they were terminating his right to collect further disability benefits under the policy. Following this notification, Mr. Zeigler exhausted his administrative appeal rights, and a final determination denying his appeals was issued by CIGNA on 22 April, 2010.    Thus, the present lawsuit was filed pursuant to section 502(a) of ERISA.

13.     Under the terms of the disability policy issued by Cigna, Mr. Zeigler is entitled to receive disability benefits until he reaches age 67.    As a proximate result of the defendant's failure and refusal to pay long-term disability benefits to which he is entitled as alleged above, Lyle Zeigler has been damaged in the loss of past and future disability benefits, together with interest on that sum at

4

the legal rate from the date payment should have been made under the terms of the policy until paid.

Wherefore, the plaintiff, Lyle Zeigler, demands judgment on his behalf and against the defendant, CIGNA, d/b/a CIGNA Life Insurance Company of North America, as follows:

(a)     For an amount of money which will fully compensate him for losses sustained;

(b)     For costs, disbursements, and attorney fees;

(c)     For such other and further relief as the court deems just and equitable.

## Count II
### (Prayer For Declaratory Judgment)

14.     The plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15.     Under the terms and conditions of the disability policy issued by CIGNA, it has a continuing duty to pay disability benefits to Lyle Zeigler as long as he remains disabled until he reaches age 67.

16.     Lyle Zeigler's medical condition is permanent, preventing him from returning to his job.

17.     Under the terms and conditions of the policy, Lyle Zeigler is entitled to continuing disability benefits on a monthly basis in the future, payable under the terms and conditions of the policy until he reaches age 67.

18.     Given the defendant's refusal to pay past due benefits, it is necessary for the court to declare the plaintiff's rights under the terms and conditions of the disability policy, including obligation of the defendant to make future payments.

Wherefore, the plaintiff, Lyle Zeigler, demands judgment on his behalf and against the defendant, CIGNA, d/b/a CIGNA Life Insurance Company of North America, as follows:

(a)     For a determination outlining his future rights under the terms and conditions of the disability policy from CIGNA, d/b/a CIGNA Life Insurance Company of North America;

(b)     For costs, disbursements, and attorney fees;

(c)    For such other and further relief as the court deems just and
equitable.

## Count III
## (Bad Faith)

19.    The plaintiff repeats and realleges paragraphs 1 through 18 as
if fully set forth herein.

20.    Defendant CIGNA Group, d/b/a CIGNA Life Insurance
Company of America's refusal to pay disability benefits was done in the absence
of good faith.

21.    The defendant's decision in refusing to pay Lyle Zeigler
disability benefits lacked reasonable diligence, and its refusal to determine the
nature and extent of its liability evidenced bad faith.

22.    CIGNA's decision to deny payment of disability benefits was
done in the absence of a reasonable basis for denying the benefits, as well as the
defendant's knowledge or reckless disregard of the lack of a reasonable basis for
denying the claim.

23.    As a direct and proximate result of the defendant's conduct,
the plaintiff has been harmed.

24.     As a direct and proximate result of the defendant's conduct, the plaintiff has suffered the following damages:

(a)     Loss of past and future disability benefits called for under the policy;

(b)     Emotional distress;

(c)     Attorney fees and expenses.

25.     Because the defendant's conduct was done with a wanton disregard of its duty, the plaintiff, Lyle Zeigler, is entitled to an award of punitive damages.

Wherefore, the plaintiff, Lyle Zeigler, demands judgment on his behalf and against the defendant, CIGNA, d/b/a CIGNA Life Insurance Company of North America, as follows:

(a)     For an amount of money which fully compensates him for his injuries and losses;

(b)     For an award of punitive damages;

8

(c)    For costs, disbursements, and attorney fees;

(d)    For such other and further relief as the court deems just and equitable.

Dated:   May 18, 2011        Petrucelli & Waara, P.C.
                                        Attorneys for Plaintiff

                                    By: /s/
                                      Jonny L. Waara
                                      328 W. Genesee St., P.O. Box AA
                                      Iron River, Michigan    49935
                                      Telephone:    (906) 265-6173

## Jury Demand

The plaintiff hereby demands trial by a jury.

Dated:   May 18, 2011        Petrucelli & Waara, P.C.
                                          Attorneys for Plaintiff

                                    By: /s/
                                        Jonny L. Waara
                                      328 W. Genesee St., P.O. Box AA
                                      Iron River, Michigan    49935
                                      Telephone:    (906) 265-6173